15990 SAB/ks                                             Attorney ID# 35244
2-10-16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TYLER DAHLSTRAND,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FCA US, LLC, a Limited Liability Company,<br>f/k/a CHRYSLER GROUP, LLC, a Limited<br>Liability Company; COATINGS UNLIMITED,<br>INC., a Corporation; ALBERICI INDUSTRIAL,<br>LLC, a Limited Liability Company; and<br>NORDSTROM-SAMSON & ASSOCIATES,<br>INC., a Corporation,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　　Case No.: 1:15-cv-07603<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### FIRST AMENDED COMPLAINT AT LAW

### COUNT I – CONSTRUCTION NEGLIGENCE

Now comes the Plaintiff, TYLER DAHLSTRAND, by his attorneys, ANESI, OZMON,

RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, FCA US, LLC, a

Limited Liability Company, f/k/a CHRYSLER GROUP, LLC, a Limited Liability Company,

alleges as follows:

1.　　　That on and before July 11, 2014, the Defendant, owned and/or was in charge of

certain construction, repairs, alteration, designing, inspecting, planning, coordinating,

scheduling, removal and/or painting being conducted at the Chrysler Assembly Plant building

located at or near 300 West Chrysler Drive, in the City of Belvidere, County of Boone and the

State of Illinois.

1

2.      That at the aforementioned time and place, the Plaintiff, TYLER DAHLSTRAND was employed by Midwest Steel on said premises in the furtherance of the aforesaid work.

3.      That at the aforesaid time and place and prior thereto, the Defendant, individually and through its agents, servants and employees, was present during the course of such construction, repairs, alteration, removal, and/or painting. The Defendant participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work. In addition, thereto, at that time and place, the Defendant, had the authority to stop the work, refuse the work and materials, and/order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

4.      That at the aforesaid time and place, and prior thereto, the Defendant, erected, constructed, set, placed or operated, or caused to be erected, constructed, set, placed or operated, a certain screen guard which was being used in the said erection, construction, repairs, alteration, and/or removal.

5.      That at all times material to this Complaint, the Defendant, had a duty to exercise reasonable care to control the construction site in a reasonably safe manner, including the provision of a safe, well kept, suitable and proper construction site for the Plaintiff and others then and there working.

6.      Notwithstanding its duty, at said time and place, the Defendant, by and through its agents, servants and employees, as then and there guilty of one or more of the following careless and negligent acts and/or omissions:

        (a)      Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant, knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to Plaintiff;

2

(b)     Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

(c)     Failed to provide the Plaintiff with a safe place within which to work;

(d)     Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(e)     Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

(f)     Failed to supervise the work being done on the aforesaid premises;

(g)     Allowed and permitted an unsafe accumulation of construction debris/materials and/or scrap lumber;

(h)     Failed to properly and adequately remove the unsafe accumulation of said construction debris/materials and/or scrap lumber; and/or

(i)     Allowed unsecured plywood to be placed on a walking surface, thereby creating a hazardous condition for the workers.

7.     That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he work at and about the unsecured plywood and/or construction debris then and there being used in the aforementioned erection, construction, repairs, alteration, removal, and/or painting.

8.     That at said time and place, the Plaintiff was working on or about these aforesaid screen guard when he tripped over unsecured plywood and/or construction debris, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

9.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was caused to be injured, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be,

hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, TYLER DAHLSTRAND, demands judgment against the Defendant, FCA US, LLC, a Limited Liability Company, f/k/a CHRYSLER GROUP, LLC, a Limited Liability Company, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT II - PREMISES LIABILITY

Now comes the Plaintiff, TYLER DAHLSTRAND, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, FCA US, LLC, a Limited Liability Company, f/k/a CHRYSLER GROUP, LLC, a Limited Liability Company, alleges as follows:

1.      That on or about July 11, 2014, the Defendant, possessed, operated, managed, maintained, designed, inspected, and/or controlled or had a duty to possess, operate, manage, maintain, design, inspect, and/or control, both directly and indirectly, individually and through its agents, servants and employees, the premises of the Chrysler Assembly Plant building located at or near 300 West Chrysler Drive, in the City of Belvidere, County of Boone and the State of Illinois.

4

2.     That at all relevant times, the Defendant had the duty to operate, manage, maintain, inspect, and/or control said premises in a reasonably safe condition for use by Plaintiff and other on said premises.

3.     That at the aforementioned time and place and prior thereto, the Defendant, well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although the Defendant, knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

4.     That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he work on and about a certain screen guard on which was unsecured plywood and/or construction debris.

5.     The Defendant was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)     Failed to make a reasonable inspection of the aforesaid premises and the construction debris and/or scrap lumber, when the Defendant, knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

(b)     Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

(c)     Failed to provide the Plaintiff with a safe place within which to work;

(d)     Failed to warn the Plaintiff of the dangerous condition of said construction debris and/or scrap lumber when the Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(e)     Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

(f)    Failed to supervise the work being done and work site conditions on the aforesaid premises;

(g)    Allowed and permitted the placement of unsecured plywood to be placed on a walking surface thereby causing an unsafe condition; and/or

(h)    Failed to properly and adequately remove the unsecured plywood.

6.    That on the aforementioned date and as a result of the aforesaid acts of the Defendant, the Plaintiff was caused to trip and fall, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

7.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, TYLER DAHLSTRAND, demands judgment against the Defendant, FCA US, LLC, a Limited Liability Company, f/k/a CHRYSLER GROUP, LLC, a Limited Liability Company, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT III: DIRECT NEGLIGENCE

Now comes the Plaintiff, TYLER DAHLSTRAND, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, FCA US, LLC, a

Limited Liability Company, f/k/a CHRYSLER GROUP, LLC, a Limited Liability Company, alleges as follows:

1.    That on and about July 11, 2014, the Defendant, operated, managed, maintained, inspected, planned and/or controlled or had a duty to use ordinary care to operate, manage, maintain, inspect, plan and/or control, both directly and indirectly, individually and through its agents, servants and employees, the premises and the work being done thereon, of the Chrysler Assembly Plant building located at or near 300 West Chrysler Drive, in the City of Belvidere, County of Boone and the State of Illinois, where it directed, planned, inspected, and/or controlled the activity of certain work being performed on the premises.

2.    That at the aforementioned time and place and prior thereto, the Defendant had a duty to use ordinary care for the safety of the Plaintiff and others lawfully working on and at the aforesaid site in furtherance of said activities.

3.    That at the aforesaid time and place, the Defendant directly and/or indirectly, directed and/or caused Plaintiff to set up a ladder in the area of the screen guard near unsecured lumber and/or debris.

4.    The Defendant breached its duty of ordinary care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

        (a)    Failed to make a reasonable inspection of the aforesaid premises and the construction debris and/or lumber, when the Defendant, knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

        (b)    Improperly operated, managed, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

        (c)    Failed to warn the Plaintiff of the dangerous condition of said construction debris and/or lumber when the Defendant, knew, or in

7

the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(d)     Failed to provide Plaintiff with a lift or other necessary safeguards to prevent the Plaintiff from injury while working on the site;

(e)     Failed to supervise the activities being done on the work site thereby allowing the Plaintiff to work in unsafe conditions;

(f)     Allowed and permitted the placement of unsecured plywood to be placed on a walking surface thereby causing an unsafe condition;

(g)     Directed and/or caused the Plaintiff to work in unsafe conditions, including on a screen guard near unsecured plywood on a walking surface;

(h)     Failed to properly and adequately remove the unsecured plywood; and/or

(i)     Directed and allowed the work to proceed on the screen guard that was hazardous.

5.      That on the aforementioned date and as a result of the aforesaid acts of the Defendant, the Plaintiff was caused to trip and fall, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

6.      That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, TYLER DAHLSTRAND, demands judgment against the Defendant, FCA US, LLC, a Limited Liability Company, f/k/a CHRYSLER GROUP, LLC, a Limited Liability Company, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

<b><u>COUNT IV</u></b>

Now comes the Plaintiff, TYLER DAHLSTRAND, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, COATINGS UNLIMITED, INC., a Corporation, alleges as follows:

1.      That on and about July 11, 2014, the Defendant, was performing work activities and therefore operated, managed, maintained, inspected, planned and/or controlled or had a duty to use ordinary care to operate, manage, maintain, inspect, plan and/or control, both directly and indirectly, individually and through its agents, servants and employees, the premises and the work being done by it thereon, of the Chrysler Assembly Plant building located at or near 300 West Chrysler Drive, in the City of Belvidere, County of Boone and the State of Illinois, where it directed, planned, inspected, and/or controlled the activity of certain work being performed on the premises.

2.      That at the aforementioned time and place and prior thereto, the Defendant had a duty to use ordinary care for the safety of the Plaintiff and others lawfully working on and/or near the work activities being it was performing, on the aforesaid site.

3.      That at the aforesaid time and place, the Defendant directly and/or indirectly, directed and/or caused the area of the screen guard to be altered in an unsafe manner.

9

4.    The Defendant breached its duty of ordinary care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a)    Failed to make a reasonable inspection of the aforesaid premises and the screen guard, when the Defendant, knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

    (b)    Improperly operated, managed, and controlled the aforesaid screen guard, so that as a direct and proximate result thereof, the Plaintiff was injured;

    (c)    Failed to warn the Plaintiff of the dangerous condition of said screen guard when the Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

    (d)    Failed to supervise the activities being done on the work site thereby allowing the Plaintiff to work in unsafe conditions;

    (e)    Allowed and permitted the placement of unsecured plywood and/or drop cloths to be placed over or about a hole in the screen guard thereby causing an unsafe condition;

    (f)    Failed to properly and adequately remove the unsecured plywood and/or drop cloths that were placed over a hole in the screen guard; and/or

    (g)    Directed and allowed the work to proceed on the screen guard that was hazardous.

5.    That on the aforementioned date and as a result of the aforesaid acts of the Defendant, the Plaintiff was caused to trip and fall, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

6.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose,

the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, TYLER DAHLSTRAND, demands judgment against the Defendant, COATINGS UNLIMITED, INC., a Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

<u>**COUNT V – CONSTRUCTION NEGLIGENCE**</u>

Now comes the Plaintiff, TYLER DAHLSTRAND, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, ALBERICI INDUSTRIAL, LLC, a Limited Liability Company, alleges as follows:

1.      That on and before July 11, 2014, the Defendant, owned and/or was in charge of certain construction, repairs, alteration, designing, inspecting, planning, coordinating, scheduling, removal and/or painting being conducted at the Chrysler Assembly Plant building located at or near 300 West Chrysler Drive, in the City of Belvidere, County of Boone and the State of Illinois.

2.      That at the aforementioned time and place, the Plaintiff, TYLER DAHLSTRAND was employed by Midwest Steel on said premises in the furtherance of the aforesaid work.

3.      That at the aforesaid time and place and prior thereto, the Defendant, individually and through its agents, servants and employees, was present during the course of such construction, repairs, alteration, removal, and/or painting. The Defendant participated in coordinating the work being done and designated various work methods, maintained and

checked work progress and participated in the scheduling of the work and the inspection of the work. In addition, thereto, at that time and place, the Defendant, had the authority to stop the work, refuse the work and materials, and/order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

4.      That at the aforesaid time and place, and prior thereto, the Defendant, erected, constructed, set, placed or operated, or caused to be erected, constructed, set, placed or operated, a certain screen guard which was being used in the said erection, construction, repairs, alteration, and/or removal.

5.      That at all times material to this Complaint, the Defendant, had a duty to exercise reasonable care to control the construction site in a reasonably safe manner, including the provision of a safe, well kept, suitable and proper construction site for the Plaintiff and others then and there working.

6.      Notwithstanding its duty, at said time and place, the Defendant, by and through its agents, servants and employees, as then and there guilty of one or more of the following careless and negligent acts and/or omissions:

        (a)      Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant, knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to Plaintiff;

        (b)      Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

        (c)      Failed to provide the Plaintiff with a safe place within which to work;

        (d)      Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(e)     Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

(f)     Failed to supervise the work being done on the aforesaid premises;

(g)     Allowed and permitted an unsafe accumulation of construction debris/materials and/or scrap lumber on the screen guard platform;

(h)     Failed to properly and adequately remove the unsafe accumulation of said construction debris/materials and/or scrap lumber from the screen guard platform; and/or

(i)     Allowed unsecured plywood to be placed on a walking surface of the screen guard, thereby creating a hazardous condition for the workers.

7.     That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he work at and about the unsecured plywood and/or construction debris then and there being used in the aforementioned erection, construction, repairs, alteration, removal, and/or painting.

8.     That at said time and place, the Plaintiff was working on or about these aforesaid screen guard when he tripped over unsecured plywood and/or construction debris, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

9.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was caused to be injured, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, TYLER DAHLSTRAND, demands judgment against the Defendant, ALBERICI INDUSTRIAL, LLC, a Limited Liability Company, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT VI - PREMISES LIABILITY

Now comes the Plaintiff, TYLER DAHLSTRAND, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant ALBERICI INDUSTRIAL, LLC, a Limited Liability Company, alleges as follows:

1.      That on or about July 11, 2014, the Defendant, possessed, operated, managed, maintained, designed, inspected, and/or controlled or had a duty to possess, operate, manage, maintain, design, inspect, and/or control, both directly and indirectly, individually and through its agents, servants and employees, the premises of the Chrysler Assembly Plant building located at or near 300 West Chrysler Drive, in the City of Belvidere, County of Boone and the State of Illinois.

2.      That at all relevant times, the Defendant had the duty to operate, manage, maintain, inspect, and/or control said premises in a reasonably safe condition for use by Plaintiff and other on said premises.

3.      That at the aforementioned time and place and prior thereto, the Defendant, well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although the Defendant, knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

4.     That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he work on and about a certain screen guard on which was unsecured plywood and/or construction debris.

5.     The Defendant was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a)    Failed to make a reasonable inspection of the aforesaid premises and the construction debris and/or scrap lumber, when the Defendant, knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

    (b)    Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

    (c)    Failed to provide the Plaintiff with a safe place within which to work;

    (d)    Failed to warn the Plaintiff of the dangerous condition of said construction debris and/or scrap lumber when the Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

    (e)    Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

    (f)    Failed to supervise the work being done and work site conditions on the aforesaid premises;

    (g)    Allowed and permitted the placement of unsecured plywood to be placed on a walking surface of the screen guard, thereby causing an unsafe condition; and/or

    (h)    Failed to properly and adequately remove the unsecured plywood from the screen guard.

6.     That on the aforementioned date and as a result of the aforesaid acts of the Defendant, the Plaintiff was caused to trip and fall, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

7.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, TYLER DAHLSTRAND, demands judgment against the Defendant, ALBERICI INDUSTRIAL, LLC, a Limited Liability Company, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT VII: DIRECT NEGLIGENCE

Now comes the Plaintiff, TYLER DAHLSTRAND, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, ALBERICI INDUSTRIAL, LLC, a Limited Liability Company, alleges as follows:

1.     That on and about July 11, 2014, the Defendant, operated, managed, maintained, inspected, planned and/or controlled or had a duty to use ordinary care to operate, manage, maintain, inspect, plan and/or control, both directly and indirectly, individually and through its agents, servants and employees, the premises and the work being done thereon, of the Chrysler Assembly Plant building located at or near 300 West Chrysler Drive, in the City of Belvidere, County of Boone and the State of Illinois, where it directed, planned, inspected, and/or controlled the activity of certain work being performed on the premises.

2. That at the aforementioned time and place and prior thereto, the Defendant had a duty to use ordinary care for the safety of the Plaintiff and others lawfully working on and at the aforesaid site in furtherance of said activities.

3. That at the aforesaid time and place, the Defendant directly and/or indirectly, directed and/or caused Plaintiff to set up a ladder in the area of the screen guard near unsecured lumber and/or debris.

4. The Defendant breached its duty of ordinary care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Failed to make a reasonable inspection of the aforesaid premises and the construction debris and/or lumber on the screen guard, when the Defendant, knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

(b) Failed to warn the Plaintiff of the dangerous condition of said construction debris and/or lumber on the screen guard when the Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(c) Failed to supervise the activities being done on the work site thereby allowing the Plaintiff to work in unsafe conditions;

(d) Allowed and permitted the placement of unsecured plywood to be placed on a walking surface of the screen guard thereby causing an unsafe condition;

(e) Directed and/or caused the Plaintiff to work in unsafe conditions, including on a screen guard near unsecured plywood on a walking surface;

(f) Failed to properly and adequately remove the unsecured debris and/or plywood from the screen guard; and/or

(g) Directed and allowed the work to proceed on the screen guard that was hazardous.

5.      That on the aforementioned date and as a result of the aforesaid acts of the Defendant, the Plaintiff was caused to trip and fall, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

6.      That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, TYLER DAHLSTRAND, demands judgment against the Defendant, ALBERICI INDUSTRIAL, LLC, a Limited Liability Company, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT VIII – CONSTRUCTION NEGLIGENCE

Now comes the Plaintiff, TYLER DAHLSTRAND, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, NORDSTROM-SAMSON & ASSOCIATES, INC., a Corporation, alleges as follows:

1.      That on and before July 11, 2014, the Defendant, owned and/or was in charge of certain construction, repairs, alteration, designing, inspecting, planning, coordinating, scheduling, removal and/or painting being conducted at the Chrysler Assembly Plant building

located at or near 300 West Chrysler Drive, in the City of Belvidere, County of Boone and the State of Illinois.

2.      That at the aforementioned time and place, the Plaintiff, TYLER DAHLSTRAND was employed by Midwest Steel on said premises in the furtherance of the aforesaid work.

3.      That at the aforesaid time and place and prior thereto, the Defendant, individually and through its agents, servants and employees, was present during the course of such construction, repairs, alteration, removal, and/or painting. The Defendant participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work. In addition, thereto, at that time and place, the Defendant, had the authority to stop the work, refuse the work and materials, and/order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

4.      That at the aforesaid time and place, and prior thereto, the Defendant, erected, constructed, set, placed or operated, or caused to be erected, constructed, set, placed or operated, a certain screen guard which was being used in the said erection, construction, repairs, alteration, and/or removal.

5.      That at all times material to this Complaint, the Defendant, had a duty to exercise reasonable care to control the construction site in a reasonably safe manner, including the provision of a safe, well kept, suitable and proper construction site for the Plaintiff and others then and there working.

6.      Notwithstanding its duty, at said time and place, the Defendant, by and through its agents, servants and employees, as then and there guilty of one or more of the following careless and negligent acts and/or omissions:

19

(a)  Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant, knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to Plaintiff;

(b)  Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

(c)  Failed to provide the Plaintiff with a safe place within which to work;

(d)  Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(e)  Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

(f)  Failed to supervise the work being done on the aforesaid premises;

(g)  Allowed and permitted an unsafe accumulation of construction debris/materials and/or scrap lumber on the screen guard platform;

(h)  Failed to properly and adequately remove the unsafe accumulation of said construction debris/materials and/or scrap lumber from the screen guard platform; and/or

(i)  Allowed unsecured plywood to be placed on a walking surface of the screen guard, thereby creating a hazardous condition for the workers.

7.    That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he work at and about the unsecured plywood and/or construction debris then and there being used in the aforementioned erection, construction, repairs, alteration, removal, and/or painting.

8.    That at said time and place, the Plaintiff was working on or about these aforesaid screen guard when he tripped over unsecured plywood and/or construction debris, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

9.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was caused to be injured, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, TYLER DAHLSTRAND, demands judgment against the Defendant, NORDSTROM-SAMSON & ASSOCIATES, INC., a Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT IX - PREMISES LIABILITY

Now comes the Plaintiff, TYLER DAHLSTRAND, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, NORDSTROM-SAMSON & ASSOCIATES, INC., a Corporation, alleges as follows:

1.    That on or about July 11, 2014, the Defendant, possessed, operated, managed, maintained, designed, inspected, and/or controlled or had a duty to possess, operate, manage, maintain, design, inspect, and/or control, both directly and indirectly, individually and through its agents, servants and employees, the premises of the Chrysler Assembly Plant building located at or near 300 West Chrysler Drive, in the City of Belvidere, County of Boone and the State of Illinois.

2. That at all relevant times, the Defendant had the duty to operate, manage, maintain, inspect, and/or control said premises in a reasonably safe condition for use by Plaintiff and other on said premises.

3. That at the aforementioned time and place and prior thereto, the Defendant, well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although the Defendant, knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

4. That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he work on and about a certain screen guard on which was unsecured plywood and/or construction debris.

5. The Defendant was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

      (a)    Failed to make a reasonable inspection of the aforesaid premises and the construction debris and/or scrap lumber, when the Defendant, knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

      (b)    Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

      (c)    Failed to provide the Plaintiff with a safe place within which to work;

      (d)    Failed to warn the Plaintiff of the dangerous condition of said construction debris and/or scrap lumber when the Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

      (e)    Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

(f)     Failed to supervise the work being done and work site conditions on the aforesaid premises;

(g)     Allowed and permitted the placement of unsecured plywood to be placed on a walking surface of the screen guard, thereby causing an unsafe condition; and/or

(h)     Failed to properly and adequately remove the unsecured plywood from the screen guard.

6.     That on the aforementioned date and as a result of the aforesaid acts of the Defendant, the Plaintiff was caused to trip and fall, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

7.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, TYLER DAHLSTRAND, demands judgment against the Defendant, NORDSTROM-SAMSON & ASSOCIATES, INC., a Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT X: DIRECT NEGLIGENCE

Now comes the Plaintiff, TYLER DAHLSTRAND, by his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendant, NORDSTROM-SAMSON & ASSOCIATES, INC., a Corporation, alleges as follows:

1.     That on and about July 11, 2014, the Defendant, operated, managed, maintained, inspected, planned and/or controlled or had a duty to use ordinary care to operate, manage, maintain, inspect, plan and/or control, both directly and indirectly, individually and through its agents, servants and employees, the premises and the work being done thereon, of the Chrysler Assembly Plant building located at or near 300 West Chrysler Drive, in the City of Belvidere, County of Boone and the State of Illinois, where it directed, planned, inspected, and/or controlled the activity of certain work being performed on the premises.

2.     That at the aforementioned time and place and prior thereto, the Defendant had a duty to use ordinary care for the safety of the Plaintiff and others lawfully working on and at the aforesaid site in furtherance of said activities.

3.     That at the aforesaid time and place, the Defendant directly and/or indirectly, directed and/or caused Plaintiff to set up a ladder in the area of the screen guard near unsecured lumber and/or debris.

4.     The Defendant breached its duty of ordinary care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

        (a)     Failed to make a reasonable inspection of the aforesaid premises and the construction debris and/or lumber on the screen guard, when the Defendant, knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

        (b)     Failed to warn the Plaintiff of the dangerous condition of said construction debris and/or lumber on the screen guard when the Defendant, knew, or in the exercise of ordinary care should have

24

known, that said warning was necessary to prevent injury to the Plaintiff;

(c)    Failed to supervise the activities being done on the work site thereby allowing the Plaintiff to work in unsafe conditions;

(d)    Allowed and permitted the placement of unsecured plywood to be placed on a walking surface of the screen guard thereby causing an unsafe condition;

(e)    Directed and/or caused the Plaintiff to work in unsafe conditions, including on a screen guard near unsecured plywood on a walking surface;

(f)    Failed to properly and adequately remove the unsecured debris and/or plywood from the screen guard; and/or

(g)    Directed and allowed the work to proceed on the screen guard that was hazardous.

5.    That on the aforementioned date and as a result of the aforesaid acts of the Defendant, the Plaintiff was caused to trip and fall, thereby proximately causing injuries to the Plaintiff as hereinafter mentioned.

6.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, TYLER DAHLSTRAND, demands judgment against the Defendant, NORDSTROM-SAMSON & ASSOCIATES, INC., a Corporation, in a dollar

amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the

jury and the Court shall deem proper, and additionally, costs of said suit.

_____

Attorneys for Plaintiff

Steven A. Berman
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street - 21st Floor
Chicago, IL 60601
312/372-3822 / sberman@anesilaw.com