14027-1
CET/mlk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYLER DAHLSTRAND,<br><br>        Plaintiff,<br><br>vs.<br><br>FCA US, LLC, a Limited Liability Company, f/k/a CHRYSLER GROUP, LLC, a Limited Liability Company; COATINGS UNLIMITED, INC., a Corporation; ALBERICI INDUSTRIAL, LLC, a Limited Liability Company; and NORDSTROM-SAMSON & ASSOCIATES, INC., a Corporation,<br><br>        Defendants.<br>_____<br><br>ALBERICI INDUSTRIAL, LLC, a Limited Liability Company;<br><br>        Cross Plaintiff<br><br>v.<br><br>COATINGS UNLIMITED, INC., a Corporation; and NORDSTROM-SAMSON & ASSOCIATES, INC., a Corporation,<br><br>        Cross Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case No.:   1:15-cv-07603 |

## DEFENDANT/CROSS-PLAINTIFF, ALBERICI INDUSTRIAL, LLC'S CROSS CLAIM FOR CONTRIBUTION

NOW COMES the Defendant/Cross-Plaintiff, ALBERICI INDUSTRIAL, LLC, a Limited Liability Company, by HEYL, ROYSTER, VOELKER & ALLEN, and for its Cross Claim for Contribution states:

### Count I-Coatings Unlimited

1. Plaintiff has alleged in Plaintiff's First Amended Complaint at Law that Plaintiff was injured and alleged that Coatings Unlimited, Inc., a corporation was negligent, causing plaintiff to trip over construction debris.

2. Alberici has filed an answer to Counts V-VII of the First Amended Complaint denying all allegations of negligence.

3. At the time and place, alleged in Plaintiff's Complaint at Law, Coatings Unlimited, Inc., by and through its agents and employees, owed a duty to use ordinary care in the work being performed at the Chrysler plant.

4. At the time and place alleged in Plaintiff's Complaint at Law, Coatings Unlimited Inc. committed one or more of the following negligent acts and/or omissions, which proximately caused Plaintiff's injuries:

(a) Failed to make a reasonable inspection of the aforesaid premises and the construction debris and/or lumber, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

(b) Improperly operated, managed, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

(c) Failed to wan the Plaintiff of the dangerous condition of said construction debris and/or lumber when the Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(d) Failed to provide Plaintiff with a lift or other necessary safeguards to prevent the Plaintiff from injury while working on the site;

(e) Failed to supervise the activities being done on the work site thereby allowing the Plaintiff to work in unsafe conditions;

(f) Allowed and permitted the placement of unsecured plywood to be placed on a walking surface thereby causing an unsafe condition;

(g)     Directed and/or caused the Plaintiff to work in unsafe conditions, including on a screen guard near unsecured plywood on a walking surface;

(h)     Failed to properly and adequately remove the unsecured plywood; and/or;

(i)     Directed and allowed the work to proceed on the screen guard that was hazardous.

5.      At all times relevant time, there was in full force and effect in the State of Illinois an Act entitled "An Act in Relation to Contribution Among Joint Tort Feasors," 740 ILCS 110/5, which Act applies to the present action.

6.      In the event that a judgment is entered against Alberici Industrial, LLC, and in favor of Plaintiff, then judgment should be entered for Alberici and against Coatings Unlimited in an amount equal to it pro rata share of the liability as a whole.

WHEREFORE, defendant/cross-plaintiff, Alberici Industrial, LLC prays in the alternative for judgment against the Cross-defendant, Coatings Unlimited, Inc. in an amount equal to its pro-rata share of the liability as a whole.

### Count II—Nordstrom-Samson & Associates, Inc., a corporation

1.      Plaintiff has alleged in Plaintiff's First Amended Complaint at Law that Plaintiff was injured and alleged that Nordstom-Samson & Associates, Inc., a corporation was negligent, causing plaintiff to trip over construction debris.

2.      Alberici has filed an answer to Counts V-VII of the First Amended Complaint denying all allegations of negligence.

3.     At the time and place, alleged in Plaintiff's Complaint at Law, Nordstom-Samson & Associates, Inc., by and through its agents and employees, owed a duty to use ordinary care in the work being performed at the Chrysler plant.

4.     At the time and place alleged in Plaintiff's Complaint at Law, Nordstom-Samson & Associates, Inc., committed one or more of the following negligent acts and/or omissions, which proximately caused Plaintiff's injuries:

(a)     Failed to make a reasonable inspection of the aforesaid premises and the construction debris and/or lumber, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

(b)     Improperly operated, managed, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

(c)     Failed to wan the Plaintiff of the dangerous condition of said construction debris and/or lumber when the Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(d)     Failed to provide Plaintiff with a lift or other necessary safeguards to prevent the Plaintiff from injury while working on the site;

(e)     Failed to supervise the activities being done on the work site thereby allowing the Plaintiff to work in unsafe conditions;

(f)     Allowed and permitted the placement of unsecured plywood to be placed on a walking surface thereby causing an unsafe condition;

(g)     Directed and/or caused the Plaintiff to work in unsafe conditions, including on a screen guard near unsecured plywood on a walking surface;

(h)     Failed to properly and adequately remove the unsecured plywood; and/or;

(i)     Directed and allowed the work to proceed on the screen guard that was hazardous.

5.    At all times relevant time, there was in full force and effect in the State of Illinois an Act entitled "An Act in Relation to Contribution Among Joint Tort Feasors," 740 ILCS 110/5, which Act applies to the present action.

6.    In the event that a judgment is entered against Alberici Industrial, LLC, and in favor of Plaintiff, then judgment should be entered for Alberici and against Nordstom-Samson & Associates, Inc., in an amount equal to it pro rata share of the liability as a whole.

WHEREFORE, defendant/cross-plaintiff, Alberici Industrial, LLC prays in the alternative for judgment against the Cross-defendant, Nordstom-Samson & Associates, Inc., in an amount equal to its pro-rata share of the liability as a whole.

ALBERICI INDUSTRIAL, LLC, a Limited
Liability Company, Defendant

BY:   s/CHARLES E. TIMMERWILKE
HEYL, ROYSTER, VOELKER & ALLEN
Charles E. Timmerwilke
ARDC # 6207879

HEYL, ROYSTER, VOELKER & ALLEN
Second Floor, PNC Bank Building
120 West State Street
P.O. Box 1288
Rockford, Illinois 61105 1288
Telephone  815.963.4454
Facsimile  815.963.0399
ctimmerwilke@heylroyster.com

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause via the CM/ECF System on the 11th day of March, 2016.

To:

Steven a. Berman, Esq.
ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.
161 N. Clark Street – 21st Floor
Chicago, IL 60601
312-372-3822
sberman@anesilaw.com

**Attorney for Plaintiff**

Cecil E. Porter, III Esq.
LITCHFIELD CAVO, LLP
303 W. Madison St., Suite 300
Chicago, IL 60606
312-781-6586
porter@litchfieldcavo.com

**Attorney for FCA US, LLC, f/k/a CHRYSLER GROUP, LLC**

    s/Charles E. Timmerwilke    
    Charles E. Timmerwilke