IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYLER DAHLSTRAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:15-cv-07603 |
| | ) | |
| FCA US, LLC, a Limited Liability Company, | ) | |
| f/k/a CHRYSLER GROUP, LLC, a Limited | ) | |
| Liability Company | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| FCA US, LLC, a Limited Liability Company, | ) | |
| f/k/a CHRYSLER GROUP, LLC, a Limited, | ) | |
| Liability Company, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIDWEST STEEL, INC., a Michigan | ) | |
| Corporation. | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**DEFENDANTS' MOTIONS IN LIMINE NO 1 THROUGH 14**

NOW COME the Defendants, MIDWEST STEEL, INC., a Michigan, Corporation by and through their attorneys, DANIEL P. COSTELLO & ASSOCIATES, PC, and moves this Honorable Court to enter an Order(s) in Limine to exclude the admission of certain evidence and testimony as to various issues. In support of its motion, Defendant requests the following relief:

1. **Insurance**: Barring all evidence of or reference to the existence of insurance coverage for the Defendants on the grounds that the same is irrelevant and immaterial. *Imperator v. Rooney*, 95 Ill. App. 3d 11 (1st Dist. 1981); *Rowley v. Russeau*, 81 Ill. App. 3d 193 (4th Dist. 1980). Federal Rule of Evidence 411, "Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Federal Rule of Ev. 411.

_____Granted            _____Denied            _____Reserved

2. **Witness Exclusion:** Barring all non-party witnesses who intend to testify to be excluded from the courtroom prior to the time of each such witness's testimony. *In re Marriage of Kaplan*, 149 Ill. App. 3d 23 (1st Dist. 1986); *Smith v. City of Chicago*, 229 Ill. App. 3d 1048 (1st Dist.1998).

    _____Granted            _____Denied            _____Reserved

3. **Mathematical formula**: Barring argument or testimony by Plaintiffs suggesting a mathematical formula to the jury for awarding damages, including, but not limited to a per diem argument of formula. *Caley v. Manicke*, 24 Ill.2d 390, 393 (1962) ("It would appear that a formula, rather than encouraging reasonable and practical consideration, would tend to discourage such consideration.").

    _____Granted            _____Denied            _____Reserved

4. **Defendants' Financial Condition, Corporate Status, or Size**: Barring Plaintiffs, their witnesses, or anyone else from discussing or referring to in any manner during trial or the presence of the jury the Defendants' financial status, including: any revenue received; that Defendant is a "multi-state trucking company," "big corporation," "big operation," or other words to that effect; ownership shares; that Defendant is a "for-profit organization;" the amount of employees; Defendant's sales, revenue, or profits; and, the amount of Defendant's assets or equipment. Defendant's financial status and ownership of assets is not relevant to the issues in this case. Illinois Rules of Evidence 401, 402. Moreover, any relevancy is substantially outweighed by its prejudicial effect. Rule 403; see Rush v. Hamdy, 225 Ill. App. 3d 352, 362 (1993)("[W]hen only compensatory damages are recoverable, the financial condition of the parties is irrelevant and often prejudicial. Such evidence appeals to the sympathy of the jury for presumably the jury will favor those least able to bear the loss").

    _____Granted            _____Denied            _____Reserved

5. **Shifting the Burden:** Barring Plaintiffs from arguing or suggesting that the Defendant had any obligation to disprove it alleged negligence, including any comments that Defendant failed to call a particular witness. In an action alleging negligence, the burden is on a plaintiff to prove negligence, not on a defendant to disprove negligence. Niewold v. Fry, 306 Ill. App. 3d 735 (2d Dist. 1999); Blue v. Envtl. Eng'g. Inc., 215 Ill.2d 78, 98 (2005) ("We think it obvious that in a negligence case, the burden of proof remains on the plaintiff throughout the proceedings to prove all of the elements of negligence.").

    _____Granted            _____Denied            _____Reserved

6. **Alluding to willful or wanton conduct:** Barring Plaintiff, their witnesses and anyone else from discussing, monitoring, alluding or referring to in any manner during trial or in the presence of the jury any notion that Defendant's conduct was intentional, reckless, willful or wanton in conscious disregard of the safety of anyone, or from using any inflammatory terms directed against such Defendant's conduct in allegedly causing Plaintiffs' alleged injuries. Any suggestion that Defendant's conduct was intentional, reckless, willful or wanton, or in conscious disregard of Plaintiff's safety or rights, raises the specter of a wrong far beyond mere negligence or any other cause of action alleged. *Barton v. Chicago and Northwestern Transp. Co.*, 325 Ill. App. 3d 1005 (1st Dist. 2001). Moreover, a claim of willful and wanton misconduct supports an award of punitive damages. *Id.* at 1031. Therefore, using terms that imply willful and wanton misconduct wrongly creates an atmosphere in which a jury's ward will become punitive in nature.

    _____Granted           _____Denied           _____Reserved

7. **Suggesting a heightened, greater, extra, or elevated standard of care:** Barring Plaintiffs from discussing, alluding or suggesting in any manner during trial or in the presence of the jury any notion that Defendants' had a "heightened," "greater," "extra" or "elevated" duty of care based on the fact that the Third Party Defendant was engaged in construction in an auto plant. Suggesting that Defendants had a "heightened," "greater" "extra" or "elevated" duty of care improperly raises the standard of care in this case beyond mere negligence.

    _____Granted           _____Denied           _____Reserved

8. **Defendant's Motion to Bar Plaintiff from requesting the jury "Send a Message" or otherwise render moral or social judgement in the verdict:**

    Defendant moves to bar arguments that improperly appeal to the emotions and passions of the jury or ask that the jury render moral or social judgment in their verdict. Specifically, Defendant moves to bar Plaintiff from arguing or suggesting the following to the jury at any point during *voir dire* or the trial:

    a. That the jury "send a message" (to the Defendants, the community, other businesses, other construction companies, other corporations, etc.);
    b. That the jury serve as the "conscience of the community," or appeal to their "civic responsibility."
    c. That the jury's verdict will prevent future accidents;
    d. That the jury has an opportunity to speak with a voice so loud and strong that it will reach beyond the N.D. Courtroom (e.g., State of Illinois, the country);
    e. That the verdict, in some part, be motivated by the effect it might have on corporations generally, construction companies generally, businesses generally, or society generally
    f. Referring to "Corporate America;"
    g. That the verdict, in some part, be motivated by the effect it might have on Defendants' reputation or business

      h.  That the jury "punish" or make Defendants "pay a penalty"
      i.  That the jury has a duty to defend the legal system from "abuse" or "injustice;"
      j.  That the jury otherwise render moral or social judgments in the verdict form;

    These types of comments would be severely prejudicial in this case and are of such character to prevent a fair trial. It is error for counsel to make overt appeals to the emotions, passions, or prejudices of the jury. DiCosolo v. Janssen Pharmaceuticals, Inc., 951 N.E. 2d 1238, 1254 (1st Dist. 2011);

    See also Spyrka v. County of Cook, 851 N.E. 2d 800, 812 (1st Dist. 2006)(noting that closing arguments that defendant should be judged based on past reputation and that the jury should send a message by appealing to jury's sense of moral outrage should be avoided in new trial); Petraski v. Thedos, 963 N.E. 2d 303, 319 (1st Dist. 2011)(granting new trial where defense counsel, among other things, improperly charged jury with rending a moral or social judgment in verdict form in drunk driving case); Pleasance v. City of Chicago, 396 Ill. App. 3d 821, 828 (1st Dist. 2009)(holding reversible error where closing argument, among other things, suggested it was not the jury's duty to defend the legal system from 'abuse' and 'injustice" or to send a message to the community in general); Zoerner v. Iwan, 250 Ill. App. 3d 576, 586 (2d Dist. 1993)(holding plain error for the closing argument to urge the jury to make a general social statement about drunken driving); Department of Conservation v. Strassheim, 92 Ill. App. 3d 689, 695 (2d Dist. 1981)(holding it was improper to ask the jury to "send a message loud and clear to the Department of Conservation that the people of this community simply will not stand for that kind of behavior").

      In Hansel v. Chicago Transit Authority, the Court explained,

    "The province of the jury is the resolution of factual issues in the narrow context of the case before them, not the rendering of moral or social judgments in the verdict form. The purpose of argument by counsel is to assist the jury fairly, deliberately and impartially to arrive at the truth of the facts submitted to them for their decision. [Citation omitted.] It is error for counsel to indulge assertions which appeal to the passions of the jury and have no bearing or relation to the case whatsoever. [Citations omitted.]"

132 Ill. App. 2d 402, 407 (1971). Moreover, according to Illinois Professional Rule of Conduct 3.4(e), a lawyer shall not in trial "allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused." Thus, Plaintiff should be barred from charging the jury to "send a message" or otherwise render social or moral judgment in the verdict.

WHEREFORE, Defendant moves to bar Plaintiff from arguing or suggesting the following to the jury at any point during *voir dire* or the trial:

    a. That the jury "send a message" (to the Defendants, the community, other businesses, other trucking companies, other corporations, etc.);
    b. That the jury serve as the "conscience of the community," or appeal to their "civic responsibility."
    c. That the jury's verdict will prevent future accidents;
    d. That the jury has an opportunity to speak with a voice so loud and strong that it will reach beyond N.D. of Illinois (e.g., State of Illinois, the country);
    e. That the verdict, in some part, be motivated by the effect it might have on corporations generally, trucking companies generally, businesses generally, or society generally
    f. Referring to "Corporate America;"
    g. That the verdict, in some part, be motivated by the effect it might have on Defendants' reputation or business
    h. That the jury "punish" or make Defendants "pay a penalty"
    i. That the jury has a duty to defend the legal system from "abuse" or "injustice;"
    j. That the jury otherwise render moral or social judgments in the verdict form;

_____Granted      _____Denied      _____Reserved

9. **Size and Make-up of Defense Counsel**: Barring remarks, statements, questions or answers regarding or referring to the size and makeup of Defendants' attorney law firm on the grounds that such evidence is irrelevant and immaterial. *Brown v. Arco Petroleum Products Co.*, 195 Ill. App. 3d 563 (1st Dist. 1989).

_____Granted      _____Denied      _____Reserved

10. **Commenting on facts barred by the Court:** Barring Plaintiff's counsel from suggesting, inferring, or alluding to the jury that he has been prevented from commenting on facts barred by this Court or by his opponent's objections. *Anderson v. Universal Delta*, 90 Ill. App. 2d 105 (1st Dist. 1967); *Mazurek v. Crossley Constr. Co.*, 220 Ill. App. 3d 416 (1st Dist. 1991).

_____Granted      _____Denied      _____Reserved

11. **Eliciting a Pledge from the Jury:** Barring Plaintiff's counsel from talking to prospective jurors regarding the facts of the instant case or attempting to elicit a pledge or promise from prospective jurors to return a substantial verdict in "millions of dollars" or words to that effect. This Court has discretion to control *voir dire* and to bar any attempt by Plaintiff's counsel which attempt to indoctrinate or pre-educate jurors regarding the facts of the case or to obtain a pledge to render a verdict in a particular way or award excessive damages. *Gasiorowski v. Homer*, 47 Ill. App. 3d 989. (1st Dist. 1997). Questions to the venire that go beyond determining whether a prospective juror is qualified to render an impartial verdict

upon the law and the evidence are irrelevant to the *voir dire* examination and should be disallowed by the trial court. *Jacobs v. State*, 358 A.2d 725 (De. Sup. Ct. 1976).

_____Granted          _____Denied          _____Reserved

12. **Golden Rule:** Barring Plaintiff and anyone else from directly or indirectly asking the jurors to put themselves in the position of Plaintiff or the plaintiffs, to imagine what it would be like to be them or experience their injuries, or to "step in the shoes" of Plaintiffs or Plaintiff's family members, or from making comments to that effect. It is prejudicial error to ask a jury to put itself in the position of a party. *Koonce by Koonce v. Pacilio*, 307 Ill. App. 3d 449 (1st Dist. 1999); *Clarke v. Medley Moving & Storage, Inc.*, 381 Ill. App. 82, 95 (1st Dist. 2008) ("Juries specifically should not be asked to put themselves in the places of the parties.").

_____Granted          _____Denied          _____Reserved

13. **Plaintiff's Financial Condition:** Barring Plaintiff or any of their witnesses from introducing any evidence or testimony regarding Plaintiff's general financial condition, inability to mitigate damages due to lack of financial resources, wealth, poverty, health, or helplessness. The financial condition of the parties is irrelevant in a case where compensatory damages are being sought and allowing such testimony of evidence would be unduly prejudicial to Defendant as it may improperly evoke sympathy from the jury toward the Plaintiff. Stathis v. Geldermann, Inc., 295 Ill. App. 3d 844 (1st Dist. 1998); Pagel v. Yates, 128 Ill. App. 3d 897, 202 (4th Dist. 1984). This includes any statement from Plaintiff's attorney that his clients are not "rich" or "wealthy" (or other words to that effect). See Exchange National Bank of Chicago v. Air Illinois, Inc., 167 Ill. App. 3d 1081 (1988)("In Illinois, the wealth, poverty, health, or helplessness of the beneficiary cannot be considered in determining the damages in an action for wrongful death").

_____Granted          _____Denied          _____Reserved

14. **Prior Consistent Statements:** Barring Plaintiff or any of their witnesses from introducing any evidence or testimony regarding Plaintiff's prior consistent statements. Specifically, Defendant moves to bar Plaintiff's consistent statements in the medical records and consistent statements to other witnesses. Illinois has long subscribed to the general rule that proof of a witness's out-of-court statements are inadmissible when solely offered to corroborate his in-court testimony on the same subject. Moore v. Anchor Organization for Health Maintenance, 672 N.E. 2d 826, 833 (1st Dist. 1996). "The improper bolstering of a witness' credibility through the use of a prior consistent statements prey on the human failing of placing belief in that which is most often repeated." Id. "If that were an argument, then the witness who had repeated his story the greatest number of people would be most credible." Id, citing Wigmore, Evidence § 1127 (Chadbourn rev. 1972).

WHEREFORE, Defendant moves to:

    a. Bar Plaintiff or any of their witnesses from introducing any evidence or testimony regarding Plaintiff's prior consistent statements;
    b. Strike such testimony from the evidence depositions;
    c. For whatever other relief this Court deems just.

_____Granted      _____Denied      _____Reserved

Respectfully Submitted,

DANIEL P. COSTELLO & ASSOCIATES, PC

*/s/ Daniel P. Costello*

Daniel P. Costello

DANIEL P. COSTELLO
JOHN C. PIRRA
LAUREL MARTINEZ
DANIEL P. COSTELLO & ASSOCIATES, PC
150 N. Wacker, Suite 1400
Chicago, IL 60606
PH: (312) 850-2651
dcostello@costellolegal.com
lmartinez@costellolegal.com