UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TYLER DAHLSTRAND,

          Plaintiff,

    v.

FCA US, LLC, et al.,

        Defendants.

No. 15 CV 7603

Judge Manish S. Shah

## ORDER

The court strikes the 11/30/20 trial date. The court will set a new trial date after resolving the motions in limine and when the parties have fully exhausted settlement discussions. The new trial date will likely be in the second half of 2021. The parties shall file a joint status report on 11/17/20 with an update on their mediation efforts. Plaintiff's motions in limine 8 and 14, filed within [164], are denied. FCA's motions in limine 7, 17, 18, 19, 22, 29, filed within [166], are granted in part, denied in part. FCA's motions in limine 60 and 61, [192] and [193], are granted. FCA's motion in limine 62, [194], is granted in part, denied in part.

## STATEMENT

The parties have dozens of motions in limine pending. The court rules as follows on some of them, and will issue rulings on the remainder in due course.

Plaintiff's motion in limine 8 is denied. The object of the motion, namely testimony from experts and lay witnesses about plaintiff's physical abilities, is relevant and probative of plaintiff's injuries, and therefore, his damages. Whether the evidence is worthy of credence when weighed against plaintiff's evidence of his capacity to perform specific tasks is well within a jury's competence to evaluate. The contested evidence is not unfairly prejudicial because it is readily understandable and traditional techniques of impeachment and contextual argument will alleviate the risk that a jury would use the evidence for an improper purpose. For example, that some testimony is not about the daily tasks of an ironworker is not confusing or likely to be misused by the jury. Plaintiff can point out the extent to which FCA's evidence is not analogous to his occupational capacity. Some of the evidence may be cumulative and a waste of time to present (e.g., any more than a few Instagram photos). But that issue can be resolved at trial.

Plaintiff's motion in limine 14 is denied. Based on FCA's response, the court does not expect FCA to draw unnecessary attention to plaintiff's smoking, and occasional references either on surveillance videos or in medical records are not unfairly prejudicial. The evidence will not suggest to the jury that it decide the case on an improper basis. Life expectancy or years of working capacity could be relevant to a damages calculation, so plaintiff's smoking history is not irrelevant.

FCA's motions in limine 7 and 18 (to bar undisclosed evidence) are granted. Even rebuttal evidence in a civil trial is usually covered by some existing discovery request and should have been disclosed in the ordinary course of discovery. Any proponent of evidence that was not disclosed during discovery must demonstrate good cause and true surprise that the evidence was going to be necessary and material to the trial in order to seek its admission.

FCA's motion in limine 17 is granted in part, denied in part. Medical diagnoses must be supported by expertise, but there is a realm of perception that falls within competent lay testimony. For example, a witness can describe how they feel without having a medical degree.

FCA's motion in limine 19 is denied. Confronting an expert witness by reading excerpts from a learned treatise can be an appropriate method of examination. Federal Rule of Evidence 803(18).

FCA's motion in limine 22 is granted. Although witnesses can testify to ultimate issues, witnesses may not provide legal conclusions and the terms "at fault" and "negligence" are legal conclusions that are not within the scope of a witness's competence. The court defines legal terms in its instructions to the jury and the jury will apply those instructions to the facts.

FCA's motion in limine 29 is granted in part, denied in part. Inadmissible hearsay will not be allowed, but an out-of-court statement that is reasonably pertinent to medical diagnosis and describes medical history, past or present symptoms or sensations, their inception, or their general cause is not excluded by the hearsay rule. Federal Rule of Evidence 803(4). Such statements may be introduced subject to the other requirements of foundation and authenticity. Statements that are not offered for the truth, but to explain plaintiff's behavior, are not hearsay and can be offered subject to an appropriate limiting instruction.

FCA's motions in limine 60 and 61 are granted. Hetzer and Williams have an adequate foundation to relate the statements made by plaintiff, and statements of a party opponent may be offered by FCA.

FCA's motion in limine 62 is granted in part, denied in part. Galassi cannot offer any opinions about causation, but he has an adequate foundation to describe what he observed about available methods to minimize risk at the work site.

ENTER:

Manish S. Shah
United States District Judge

Date: October 6, 2020