**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TYLER DAHLSTRAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| FCA US, LLC, a Limited Liability Company, | ) | Case Number: 1:15-cv-07603 |
| f/k/a CHRYSLER GROUP, LLC, a Limited | ) | |
| Liability Company, | ) | |
| | ) | |
| Defendant, | ) | Judge Manish Shah |
| | ) | |
| FCA US, LLC, a Limited Liability Company, | ) | |
| f/k/a CHRYSLER GROUP, LLC, a Limited | ) | |
| Liability Company, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIDWEST STEEL, INC., a Michigan Corporation, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**JOINT STATUS REPORT**

Defendant/Third-Party Plaintiff FCA US, LLC f/k/a Chrysler Group, LLC ("FCA") and Third-Party Defendant, Midwest Steel, Inc. ("Midwest Steel") by their respective attorneys, submit this Joint Status Report as required by the Court (ECF No. 311):

**I.     Status of Circuit Court of Wayne County, Michigan, Case No. 22-006019-CB Litigation (the "Michigan "Litigation")**

The parties expect that discovery in the Michigan Litigation will be completed by the deadline of March 31, 2023. On January 9, 2023, FCA filed a Motion for Appointment of a Discovery Master in the Michigan Litigation to review certain claim notes that Commerce & Industry Insurance Company ("C&I") contends are privileged and/or not relevant. On February

23, 2023, the court granted FCA's Motion and appointed a discovery master in order to mediate discovery disputes between the parties in the Michigan Litigation, including mediate issues surrounding C&I's claim notes. Fortunately, the parties were able to resolve their discovery disputes without the involvement of the discovery master.

On February 22, 2023, Midwest Steel filed a Cross-Claim against Commerce & Industry Insurance Company ("C&I"). Count I seeks a declaration that C&I is obligated to pay all amounts in excess of $1 million owed under the Dahlstrand judgment and amounts owed by Midwest Steel to FCA. Count II alleges a breach of the C&I insurance policy. Count III is for Waiver and Estoppel and Count IV is for interest under a Michigan statute. C&I has not yet responded to the Cross-Claim.

On March 8, 2023 Midwest Steel issued deposition notices for to C&I for claim representatives Garcia and Romano as well as a Rule 30(b)(6) witness. Those depositions will be set to proceed prior to March 31, 2023.

To date, no parties in the Michigan Litigation have sought to extend the discovery cutoff. It is expected that dispositive motions will be filed thereafter. In addition, Midwest Steel and C&I have held substantive discussions about paying an undisputed portion of the contribution judgment which will drastically reduce the amount at issue in the Michigan Litigation.

## II.    FCA's Position as to Whether Bond and Stay of Execution in this Case should Continue

As this Court held on December 15, 2022, "if the coverage litigation becomes protracted, the balance of harms will shift and Midwest Steel will have to pay the judgment." (ECF No. 311). Because the Michigan Litigation remains pending and a resolution is not imminent, the stay this Court entered on July 5, 2022 should end. FCA should be able to renew its Citation to Discover Assets to Huntington Bank and if money is in the Huntington Bank account, FCA should be given

leave to renew or re-file its Motion for Turnover Order. FCA should not continue to be forced to wait until the Michigan Litigation is resolved before enforcing its contribution judgment against Midwest Steel. Rather, Midwest Steel should pay the judgment now and ultimately be reimbursed if the court ultimately finds in FCA and/or Midwest Steel's favor in the Michigan Litigation.

### A.     Procedural History

On April 6, 2022, judgment was entered in favor of Tyler Dahlstrand ("Dahlstrand") and against FCA in the amount of $6,355,382.42, and judgment also was entered against Midwest Steel for contribution (and in favor of FCA) in the amount of $3,875,040. (Dkt No. 257). The judgment in favor of FCA was based on the jury's determination that Midwest Steel was 58.5% responsible for Dahlstrand's injuries. *Id.* On May 3, 2022, Midwest Steel filed a Motion to Vacate the judgment entered against it arguing that its insurers will be satisfying the judgment and therefore the contribution judgment in favor of FCA should be vacated. (Dkt No. 276). As a result of Midwest Steel and C&I's failure to pay the judgment awarded to Plaintiff, FCA was forced pay the judgment in full and then file a separate coverage lawsuit against Midwest Steel and C&I in the Michigan Litigation.

On June 14, 2022, FCA issued a Citation to Discover Assets against Huntington Bank. The Citation was served June 15, 2022. On the evening of June 22, 2022, Huntington Bank responded to the Citation advising that it had frozen funds held in Midwest Steel's accounts at the Bank in the total amount of FCA's judgment against Midwest Steel (without additional interest). On June 23, 2022, Midwest Steel filed a Motion to Quash Citation to Discover Assets and/or to Stay Execution of Judgment ("Motion to Quash") (ECF No. 294). On June 27, 2022, this Court denied the Motion to Quash. On June 28, 2022, FCA filed a Motion for Turnover Order (ECF No. 299). On July 5, 2022, Midwest Steel filed a Motion to Approve Bond, Stay Execution of Judgment, and

to Authorize Huntington Bank to Release Funds (ECF No. 301). On that date, the Court granted Midwest Steel's Motion and stayed enforcement of FCA's judgment against Midwest Steel pending further order of Court. (ECF No. 302). On November 3, 2022, this Court denied Midwest Steel's Motion to Vacate. (ECF No. 309). Midwest Steel did not appeal this Court's November 3, 2022 Order denying the Motion to Vacate.

On December 15, 2022, this Court entered an Order continuing the stay of execution of the judgment until May 1, 2023. (ECF No. 311). However, the Court held that "if the coverage litigation becomes protracted, the balance of harms will shift and Midwest Steel will have to pay the judgment."

### B. The Court should End the Stay of Enforcement

This Court should end the July 5, 2022 stay on enforcement of FCA's judgment against Midwest Steel. Any time after a money judgment is entered, a party may obtain a stay of that judgment by providing "a bond or other security." Fed. R. Civ. P. 62(b). *See also Berthoud v. Veselik*, 01-cv-6895, 2019 WL 1532879, at *1 (N.D. Ill. Apr. 9, 2019) (once a motion to alter or amend a judgment is denied, a motion to stay postjudgment proceedings should be denied as moot); *Dillon v. City of Chi.,* 866 F.2d 902, 904 (7th Cir. 1988) (discussing that Rule 62 allows a party to obtain an automatic stay of execution of a judgment *pending* an appeal by posting a bond or showing that a bond is unnecessary in certain, limited situations).

Here, there are no longer any pending post-judgment motions and Midwest Steel did not appeal this Court's November 3, 2022 Order making the rationale behind a further stay moot and unnecessary. FCA previously paid the judgment entered in favor of Dahlstrand in full and should not be forced to wait until the Michigan Litigation ends before enforcing the judgment against Midwest Steel. Midwest Steel previously argued that it is possible or likely that C&I may

4

ultimately pay part of or the entire judgment as part of the Michigan Litigation. However, Midwest Steel can point to no authority requiring FCA to wait until a separate coverage dispute is resolved before it can collect on a judgment that is now eleven months old. There is simply no reason why Midwest Steel should not have to pay FCA's contribution judgment when FCA has already paid Dahlstrand the full amount of the judgment.

Midwest Steel also contends that it "is the least able among those parties to absorb the cost of fronting the judgment while these other parties sort out who ultimately is liable for it." But that is where Midwest Steel is wrong. FCA obtained a judgment against Midwest Steel and certainly FCA should not and cannot be liable for its own judgment. Midwest Steel has not cited any case that would continue the stay while no postjudgment motion is pending and when no appeal has been filed. *Goss Intern. Corp. v. Tokyo Kikai Seisakusho, Ltd.*, 435 F. Supp. 2d 932, 935 (N.D. Iowa 2006) (holding that where no appeal from a judgment lies, there is no provision in the Federal Rules of Civil Procedure that would support a stay). The judgment should be immediately enforceable.

### III. Midwest Steel's Position as to Whether Bond and Stay of Execution in this Case should Continue[1]

It continues to be Midwest Steel's position that removing the stay of execution of the judgment would be unduly burdensome and unfair to Midwest Steel. Again, the only reason there remains an outstanding judgment against Midwest Steel is because C&I has failed to abide by its obligations and the parties are forced to actively litigate this issue. To be clear, FCA's interests remain fully secured and bonded as to the contribution judgment with Midwest Steel having

---

[1] It is Midwest Steel's understanding that this Court was not looking for the parties to provide comment on their respective positions as to whether the stay should remain in effect in this report as the Court has already ruled that it will be in effect through at least May 1, 2023, however, as FCA has insisted upon including its position and requesting the stay be lifted, Midwest Steel was left with no choice but to respond in kind.

5

secured an additional bond in the amount of $3,944,186.72 which includes post-judgment interest through May 1, 2023. (Dkt, 312.)

Midwest Steel expects to prevail against C&I. To date, C&I has admitted that FCA qualified as an additional insured under the terms of its policy, but contends that its coverage is excess over other applicable insurance available to FCA. C&I's position is belied by the clear language of Policy Endorsement 30 which states that the C&I policy is "primary to, and non-contributory with, any Other insurance purchased and issued to [FCA]." (Dkt. 282-4 at 89.

Furthermore, counsel for Midwest Steel and C&I are in active discussions about C&I paying the uncontested portion of the contribution judgment against Midwest Steel which would serve to drastically reduce the amount at issue in the Michigan Litigation and arguably owed by Midwest Steel to FCA. Midwest Steel expects these discussions to continue in the coming weeks.

As the Court has acknowledged, the outcome of the Michigan Litigation will determine whether the contribution judgment against Midwest Steel should be set aside. There is no risk to FCA that this contribution judgment will not be paid, if FCA is not reimbursed for the judgment against it by C&I as a result of the Michigan lawsuit. And, if FCA is successful in the Michigan lawsuit against C&I, it is not entitled to anything from Midwest Steel.

Midwest Steel expects discovery in the Michigan lawsuit to be completed by March 31, 2023 with dispositive motions to be filed thereafter. At that time, the parties and this Court likely will know what judgment is owed—i.e., whether FCA is entitled to reimbursement for the judgment against it from C&I, as an additional insured, and, whether C&I must pay the contribution judgment against Midwest Steel.

Midwest Steel purchased all of the insurance it was required to purchase and FCA is fully protected. Midwest Steel is not a massive company like the other parties to this dispute, and is the

least able among those parties to absorb the cost of fronting the judgment while these other parties sort out who ultimately is liable for it. Nor is FCA a needy judgment creditor; it is sitting on tens of billions of dollars in cash and cash equivalents according to its financial statements.

Under these circumstances, it continues to make sense to maintain the stay of execution so that the ultimate rights and liabilities of C&I and FCA can be determined via the Michigan lawsuit. There would be no prejudice to FCA in maintaining the stay of execution for the reasons noted, whereas Midwest Steel would be substantially prejudiced by the Court lifting the stay and allowing FCA to collect from Midwest Steel while also pursuing separate litigation against C&I, which may ultimately result in the contribution judgment being vacated.

Respectfully Submitted:

FCA US, LLC f/k/a CHRYSLER GROUP, LLC, Defendant/Third-Party Plaintiff

/s/ Timothy R. Herman
One of its Attorneys

Daniel T. Graham (dgraham@clarkhill.com)
Timothy R. Herman (therman@clarkhill.com)
Clark Hill PLC
130 E. Randolph St., Ste. 3900
Chicago, Illinois 60601
(312) 985-5950

Midwest Steel, Inc., Third-Party Defendant

/s/ Gregory V. Ginex
One of its Attorneys

Gregory V. Ginex (gginex@cgw-legal.com)
Costello Ginex & Wideikis, P.C.
150 North Wacker Drive, Suite 1400
Chicago, Illinois 60606
(312) 547-1223

7

## **CERTIFICATE OF SERVICE**

    I, Theresa Cumpton, a non-attorney, certify that on March 8, 2023, I served upon all counsel a copy of the Joint Status Report via e-filing through the Court's ECF system:

/s/ Theresa Cumpton